UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIM RICHARDSON and JOHN SCHLABACH,<br><br>    Plaintiffs,<br>    v.<br><br>UNITED STATES OF AMERICA, MATTHEW KIRSCH, WYATT ANGELO, *et al*,<br><br>    Defendants. | NO. CV-06-164-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant United States of America's Rule 12(b)(6) Motion to Dismiss Plaintiffs' 42 U.S.C. § 1983 claim. (Ct. Rec. 6). The motion was heard without oral argument.

### BACKGROUND

Plaintiffs are suing the United States of America, the United States Attorney for the District of Colorado, Assistant United States Attorney Matthew Kirsch, and Assistant United States Attorney Wyatt Angelo for deprivation of civil rights. Plaintiffs allege they were deprived of their civil rights when Defendants Kirsch and Angelo named Plaintiffs as co-conspirators in a *James* proffer[1] in a case in the District of Colorado. Plaintiffs were not named as defendants in the case that Defendants Kirsch and Angelo were prosecuting.

---

[1] So named for *United States v. James*, 590 F.2d 575, 578-79 (5th Cir. 1979), *cert. denied*, 442 U.S. 917 (1979).

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** * 1

Defendant United States now asks the Court to dismiss the 42 U.S.C. § 1983 claim. The Government urges the Court to find Defendants Kirsch and Angelo's actions were in their traditional quasi-judicial roles as advocates; thus, they are entitled to absolute immunity from liability under 42 U.S.C. § 1983.

### STANDARDS OF REVIEW

**A.     Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). All material allegations in a complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Geraci v. Homestreet Bank,* 347 F.3d 749, 751 (9th Cir. 2003). Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro*, 250 F.3d at 732. The Court, in reviewing a Rule 12(b)(6) motion, must consider only the facts alleged in the pleadings, documents attached as exhibits, and matters of judicial notice. *Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd.,* 181 F.3d 410, 426 (3d Cir. 1999).

**B.     Summary Judgment Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) shall be construed as a motion for summary judgment if matters outside the pleading are presented to and not excluded by the court. Fed. R. Civ. P. 12(b). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is a genuine issue for trial if there is sufficient evidence that favors the non-moving party for a jury to

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** * 2

return a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When reviewing a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## DISCUSSION

**A.     Federal Rule of Evidence 801(d)(2)(E)**

Under Rule 801(d)(2)(E), "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a co-conspirator of a party during the course and in furtherance of a conspiracy." Fed. R. Evid. 801(d)(2)(E). Before a court can admit a co-conspirator's statement, there must be evidence that 1) there was a conspiracy; 2) the conspiracy involved the declarant and non-offering party; and 3) "the statement was made 'during the course and in furtherance of the conspiracy.'" *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (citation omitted). A co-conspirator's statement can be introduced into evidence even if the government has not charged one coconspirator, if "the existence of the conspiracy has been properly established." *United States v. Salisbury*, 662 F.2d 738, 740 (11th Cir. 1981). No due process violation occurs when the government names unindicted co-conspirators at trial pursuant to Rule 801(d)(2)(E). *United States v. Anderson*, 55 F. Supp. 2d 1163, 1169 (D. Kan. 1999). In evaluating whether a due process violation has occurred, the Court must balance the interest of the government in naming the unindicted co-conspirators against the harm suffered by those named. *Id.*

In the present case, Plaintiffs argue that Defendants Kirsch and Angelo had no right to name them in the *James* Proffer because Plaintiffs are not defendants in the pending case and have not been indicted. However, it was permissible for Plaintiffs to be named in the James proffer. Defendants Kirsch and Angelo are prosecuting a criminal case that is pending in the United States District Court of Colorado. The United States' interest in naming Plaintiffs in the *James* proffer was

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** \* 3

substantial because it was required to file the proffer by the District Court.  (*See* Ct. Rec. 7, Ex. A (District of Colorado Case No. CR-04-103-RB, Ct. Rec. 100)).  The majority of the proffered statements were declared admissible at trial pursuant to Rule 801(d)(2)(E).  (Id., Ex. C (District of Colorado Case No. CR-04-103-RB, Ct. Rec. 441, at 8)).  The district court concluded that the United States proved by a preponderance of the evidence that there was a conspiracy and that the named individuals in the *James* proffer had participated in the conspiracy.  *Id*.  This result, and the propriety of naming Plaintiffs in the proffer pursuant to Rule 801(d)(2)(E), compels a finding that the Government's interest in naming Plaintiffs in its *James* proffer was substantial.

Plaintiffs also presented this argument in the form of motions for an order to show cause in the Colorado case.  Judge Blackburn denied those motions, finding Plaintiffs' due process rights were not violated by the inclusion of their names in the *James* proffer.  (Ct. Rec. 17, Ex. B (District of Colorado Case No. CR-04-103-RB, Ct. Rec. 801, at 4).  Therefore, the principle of collateral estoppel provides another basis upon which to find Plaintiffs' due process rights were not violated as alleged.  *See Jones v. Bates*, 127 F.3d 839, 848 (9th Cir. 1997) ("[C]ollateral estoppel bars parties from relitigating issues of fact or law that have already been fully and fairly litigated in prior proceedings.").

**B.    42 U.S.C. § 1983**

The Fourteenth Amendment specifies that no State shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.  Pursuant to 42 U.S.C. § 1983, a plaintiff may bring a suit "to redress violations of 'rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws'" that occur under the color of state law. *Butler v. Elle*, 281 F.3d 1014, 1021 (9th Cir. 2002).  If a prosecutor is sued under § 1983 in his individual capacity, the prosecutor may raise the affirmative defenses of absolute immunity or qualified immunity.  *Id.*

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** * 4

If a prosecutor is "performing the traditional functions of an advocate," the prosecutor is protected from liability by absolute immunity. *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)). A prosecutor is advocating when his or her action is part of the judicial process. *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003). An action that is part of the judicial process is sometimes called "'quasi-judicial' conduct." *Genzler*, 410 F.3d at 637. "If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights." *Broam*, 320 F.3d at 1029.

Prosecutors are protected by absolute immunity when they are preparing for trial. *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997). As a result, prosecutors are absolutely immune from suits that allege malicious prosecution, failure to adequately investigate the accusations before filing charges, using perjured testimony at trial, or suppression of material evidence at trial. *See Genzler*, 410 F.3d at 637*; Broam*, 320 F.3d at 1029. Alternatively, a prosecutor is protected by qualified immunity when he or she performs administrative or investigative functions which are usually conducted by detectives or police officers. *Genzler*, 410 F.3d at 637-38 (citing *Kalina*, 522 U.S. at 273-74).

Here, Plaintiffs argue that Defendants Kirsch and Angelo were not advocating when they named Plaintiffs in the James proffer; thus, they are not protected by absolute immunity. However, even when viewing the facts in a light most favorable to the Plaintiffs, Defendants Kirsch and Angelo were performing traditional functions of an advocate when they submitted the James proffer. Defendants Kirsch and Angelo filed the *James* proffer at the direction of the District Court in order to satisfy Rule 801(d)(2)(E). The *James* proffer provided the foundation for the admission of relevant inculpatory statements in the case being prosecuted. The majority of proffered statements were admitted when the District Court found by a preponderance of the evidence that a conspiracy did in

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** * 5

fact exist and that Plaintiffs were participants in the conspiracy. Consequently, Defendants Kirsch and Angelo are protected by absolute immunity from liability.

Accordingly, **IT IS SO ORDERED:**

1. Defendant's Rule 12(b)(6) Motion Re: Claim 42 U.S.C. § 1983 (Ct. Rec. 6) is **GRANTED**.

2. Because Defendants were protected at all times relevant to this matter by absolute immunity, Plaintiffs' Complaint is **DISMISSED with prejudice**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to Plaintiffs and counsel for Defendants, and to **close the file**.

**DATED** this 15th day of September, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Richardson\dismiss.ord.wpd

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** * 6